TUCKER, Judge.
Jimmie Louis Tate obtained a judgment in the District Court for benefits accorded total and permanent disability under Louisiana Workmens Compensation Laws. From that judgment his former employer’s insurer, Employers Insurance of Wausau, have appealed.
The facts of the case are very simple.
The plaintiff, Jimmie Louis Tate, was employed by the defendant insured, Wood Scales, Inc., on the day prior to the injury which is the subject of the litigation. At the time of his employment he was a resident of the Washington Parish jail. The owner of Wood Scales, Inc., Mr. Dick Richardson, employed plaintiff from the jail to straighten pulpwood on railroad cars. Mr. Richardson provided the plaintiff with bond and plaintiff went to work immediately and worked seven or eight hours on the day he was released from *360 jail. His employer testified that he paid him, “Six or seven dollars, I don’t remember.” However, he testified that when the plaintiff worked for him before in 1965 he paid him $38.50 for thirty hours of work.
The plaintiff, on the other hand, testified that he was paid $10.00 for the work on the first day.
Plaintiff returned to work the second day (Sunday) to complete the job and while on top of one of the railroad cars he fell and injured his left shoulder.
The medical reports indicated that the plaintiff had suffered a prior injury to the left shoulder.
The primary issues seem to be, on the basis of the defense, whether plaintiff was totally and permanently disabled because of this particular injury and how much he was paid.
In regard to permanent and total disability, Dr. Sinclair, the treating physician, found that he had a severe paralysis to much of his left upper extremity, primarily the shoulder girdle muscles in the elbow flexor muscle groups and what is referred to as a “ * * * partial brachial plexus palsy on the left causing a flail of the left shoulder and markedly weakened elbow flexus.” Prognosis for the future was not good. Surgery is necessary but plaintiff told the doctor he did not desire surgery.
There is likewise evidence that Mr. Tate had had a flailed left shoulder in 1967.
Plaintiff admitted that he had had the earlier accident but testified that since that time he could lift his arm and had worked ever since that time. In addition, there seems to be no question on the basis of the testimony that plaintiff actually did the work for Mr. Richardson. The efforts on the part of learned defense counsel seemed primarily aimed at proving that it was impossible for him to have done the work rather than that he did not do the work.
The trial court found, as a matter of fact, “ * * * medical evidence introduced shows that plaintiff suffered a prior injury to the left shoulder but the court finds that plaintiff was apparently able to do the work that was required of him at the time of his employment by Wood Scales, Inc. and was so engaged at the time he was injured.”
The trial court further found that the only real dispute was the amount of the wages paid to the plaintiff and found, as a matter of fact, that the plaintiff was paid $10.00 per day.
This court finds no error on the part of the trial court grievous enough to overturn the trial judge who heard the testimony and reviewed the evidence.
Nor is there any evidence whatever that the defendants had arbitrarily, capriciously and without a reasonable excuse withheld any compensation payments.
While the lower court, in its reasons for judgment, found that the plaintiff-employee was totally and permanently disabled to perform his usual work as the result of the injuries he received in the accident, the judgment does not set forth the term or duration of the benefits. The judgment must, therefore, be recast in the following manner, to-wit:
There will be judgment in favor of the plaintiff, Jimmie Louis Tate, and against the defendants, Wood Scales, Inc. and Employers Insurance of Wausau, for workmen’s compensation on the basis of total and permanent disability at the rate of Thirty-two and 50/100 ($32.50) Dollars per week during his period of disability not to exceed 500 weeks, subject to a credit for such compensation as may have been previously paid. Otherwise, the judgment is affirmed at appellants’ costs.
Judgment amended and affirmed as recast.